IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRED HUNGER, MARK NAGRODSKY,
THEODORE VANDEMOERE, and
GEORGE HAVLENA,

        Plaintiffs,

   -vs-                                                   No. CIV 97-1582 LH/RLP

AMERACE d/b/a ELASTIMOLD PRODUCTS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes on for consideration of Plaintiffs' Motion to Remand (Docket No. 3), filed December 17, 1997. The Court, having considered the Motion, the accompanying memoranda, and the applicable law and otherwise being fully advised, finds that the Motion is not well taken and will be **DENIED**.

Plaintiffs brought this action in New Mexico state court, with each of them asserting claims for violation of the Age Discrimination in Employment Act ("ADEA"); 29 U.S.C. § 623(a)(1), violation of the New Mexico Human Rights Act, N.M. STAT. ANN. § 28-1-7 (Michie 1991); breach of an implied employment contract; and intentional infliction of emotional distress. Defendants removed the case to federal court pursuant to 28 U.S.C. § 1441, claiming Plaintiffs originally could have brought this action in United States District Court under 28 U.S.C. § 1331.[*]

---

[*] Defendants specifically note that the alleged violation of the ADEA is a federal law claim. (Notice Removal ¶ 4.)

On December 17, 1997, Plaintiffs moved to remand based on the discretion of the district court to allow for "remand of all matters in which state law predominates." 28 U.S.C. § 1441(c). Plaintiffs contend state law predominates because they each pleaded three state causes of action and only one federal cause of action, (Mot. Remand ¶ 3), and because state courts and United States District Courts have concurrent jurisdiction over the ADEA. (*Id*. ¶ 5.) Plaintiffs alternatively request that their state claims be heard in state court since the state court has original jurisdiction over them. (*Id*. ¶ 6.) Finally, Plaintiffs request this Court to exercise its discretion and remand the case to serve "principles of judicial economy, convenience, fairness and comity" because the federal claim is tied to "pendant claims." (*Id*. ¶ 7.)

When any civil action brought in state court presents a federal question over which federal district courts have original jurisdiction, the Defendant has a right to remove the case to federal district court pursuant to 28 U.S.C. § 1441(a). *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 12 (1983). Under 28 U.S.C. §1331, the United States District Courts are granted general jurisdiction over cases arising under the laws of the United States. The ADEA is a federal statute which allows parties to "bring a civil action in any court of competent jurisdiction . . . ." 29 U.S.C. § 626(c)(1). Therefore, there is concurrent original jurisdiction in state and federal court. However, the mere presence of concurrent jurisdiction does not prevent the Defendant from removing the action from state court. *Baldwin v. Sears, Roebuck & Co.*, 667 F.2d 458, 460 (5th Cir. 1982) (holding that without "an express declaration by Congress to the contrary, all types of civil actions, in which there is concurrent original jurisdiction in both federal and state courts, are removable"). Therefore, given the absence of any express Congressional provisions to the contrary, this case was properly removed from state court.

Where state claims and federal claims arise out of a common nucleus of facts, federal courts have supplemental jurisdiction over state causes of action under 28 U.S.C. § 1367(a). In this case, each Plaintiff's allegations arise out of the same set of facts surrounding Defendant's discharge of Plaintiff. The Court may decline to exercise supplemental jurisdiction over the state claims if:

> (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The facts of this case clearly do not raise a novel or complex issue of state law, and this Court has not dismissed the ADEA claim. To determine whether the state claims predominate, the focus is whether the evidence needed to prove the state law claim "expands the scope of the case beyond the underlying federal claim," *Harper v. City of Albuquerque*, Civ. 96-1048 BB/WWD, slip op. at 9 (D.N.M. Sep. 18, 1997) (citing *Gard v. Teletronics Pacing Sys., Inc.*, 859 F. Supp. 1349, 1352-53 (D. Colo. 1994)), and "[t]here must be a substantial quantity of evidence supporting the state claims that would not be relevant to the federal claim," *id.* (citing 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 106.65 (3d ed. 1997)). Plaintiffs do not allege that the evidence supporting their state claims is different from the evidence supporting their ADEA claims, and the Court finds nothing in the Complaint that implies otherwise.

Plaintiffs appear to argue state law predominates only because the Complaint lists "three state law causes of action and one federal law cause of action" for each Plaintiff. (Mot. Remand ¶ 3.) Plaintiffs' argument, however, is inconsequential, because the focus is not on the number of state claims versus the number of federal claims. *Harper* at 9 (citing *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 789-90 (3d Cir. 1995) ("'substantially predominate' standard is not met simply by a

numerical count of the state and federal claims plaintiff chooses to assert on the basis of the same set of facts")). While 28 U.S.C. § 1367(c)(4) allows for remand under "exceptional circumstances," Plaintiffs fail to show any circumstances which indicate a need to remand.  Thus, Plaintiffs have not met any of the requirements under § 1367(c).  Therefore, this Court will exercise its supplemental jurisdiction over the state claims.

Plaintiffs correctly note that in cases involving separate and independent claims, 28 U.S.C. § 1441(c) gives federal courts discretionary power to "remand all matters in which State law predominates."  (Mot. Remand ¶ 4.)  Plaintiff then argues for remand of pendant claims based on judicial economy.  (*Id*. ¶ 7.) This argument fails for two reasons.  First, this suit involves supplemental (formerly "pendant") claims and § 1441(c) applies only to separate and independent claims.  *Harper* at 9 n.6.  Second, remand of the state claims would be contrary to the principles of judicial economy.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Docket No. 3), filed December 17, 1997, is **DENIED**.

*[signature]*
UNITED STATES DISTRICT JUDGE